UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TUALATIN VALLEY BUILDERS
SUPPLY, INC.,
                          Plaintiff,

                                                          Civil no. 04-1581

v.

UNITED STATES OF                                          OPINION AND
AMERICA,                                                  ORDER
                          Defendant.
_____

Marc K. Sellers
Schwabe, Williamson & Wyatt
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, Oregon 97204-3795
        Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Oregon   97204

Jeremy N. Hendon

Trial Attorney, Tax Division
United States Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044
        Attorneys for Defendant


HAGGERTY, Chief Judge:

Before the court is plaintiff's Motion for Partial Summary Judgment (doc. # 17) and

defendant's Motion for Summary Judgment (doc. # 20). The court concluded that oral

argument on these motions was unnecessary. For the following reasons, defendant's Motion

for Summary Judgment is granted.

BACKGROUND

Plaintiff is a dissolved Oregon corporation that petitioned for liquidation in a

Chapter 11 Bankruptcy proceeding in the District of Oregon in 2002. Plaintiff seeks the

refund of corporate income taxes assessed and collected from plaintiff for the year 1996, in

the amount of $366,043, plus interest at statutory rates. Jurisdiction for this suit is conferred

to this court pursuant to 28 U.S.C. § 1346(a)(1).

Plaintiff applied to the Internal Revenue Service (IRS) for a Claim for Refund in

2004. The IRS issued a Notice of Claim Disallowance for this refund, and plaintiff filed this

action after exhausting its administrative remedies. The crux of plaintiff's suit is plaintiff's

allegation that it was entitled to claim a "carryback" net operating loss (NOL) from its tax

year ending March 31, 2001, to its tax year ending December 31, 1996. Defendant seeks

summary judgment on grounds that plaintiff cannot now use the five-year carry back period that is the basis for its refund. This court agrees.

The following summary of facts appears to be undisputed. Plaintiff obtained an extension for filing its 2001 "Form 1120" tax return, and made a timely filing on or about October 15, 2001. In this filing plaintiff elected to calculate a two-year carryback period for its NOL in accordance with 26 U.S.C. § 172(b)(1)(A). This election entitled plaintiff to choose between either amending its return for the year to which the NOL was being carried back in accordance with 26 U.S.C. § 6511, or filing for a tentative carryback adjustment for its NOL pursuant to 26 U.S.C. § 6411(a).

Plaintiff chose to file for a tentative carryback adjustment. The IRS granted the tentative carry back application and plaintiff received what is colloquially referred to as a "quickie refund." The refund carried plaintiff's NOL back to plaintiff's 1999 tax year.

Subsequently, in March 2002, the United States Congress changed the law pertaining to NOL carryback periods by providing for a five-year carry back period for NOLs incurred in any taxable year ending in 2001 or 2002. *See* 26 U.S.C. § 172(b)(1)(H). In June 2002, the IRS issued Revenue Procedure 2002-40, which in part addressed how a taxpayer who had already filed tax returns for 2001 or 2002 and had already elected a strategy for NOL carrybacks could take advantage of the new March 2002 law. Specifically, Revenue Procedure 2002-40 provided instructions on how a taxpayer could apply for the new five-year carryback period.

Section 5.01 of Revenue Procedure 2002-40 provided as follows:

> If a taxpayer [such as plaintiff here] that previously filed an application for a tentative carryback adjustment (whether or not the Service has acted upon such application) or an amended return using a 2-year carryback period for an NOL incurred in a taxable year ending in 2001 or 2002, and that did not elect to forgo the 5-year carryback period under § 172(j), wants to use the 5-year carryback provided under § 172(b)(1)(H), the taxpayer may do so by following the procedures of section 7 of this revenue procedure on or before October 31, 2002.

Section 7 provided that corporations seeking to choose the "5-year carryback period under § 172(j)" had to file either a Form 1139 (Corporation Application for Tentative Refund) or Form 1120X (Amended U.S. Corporation Income Tax Return).

As stated plainly above, and reiterated here for emphasis, whichever form the corporation elected to file to apply for the five-year carryback was required explicitly by Section 5 to be filed by October 31, 2002.

Revenue Procedure 2002-40 was released to the public on May 23, 2002. It was published in the Internal Revenue Bulletin on June 10, 2002.

Plaintiff attempted to amend its filing to take advantage of the new five-year carryback by filing an Amended United States Corporation Income Tax Return (Form 1120X) for the 1996 tax year. This filing was made on or about January 7, 2003, over two months after the October 31, 2002, deadline for such amendments as established by Section 5 of Revenue Procedure 2002-40.

Defendant seeks summary judgment in this action, arguing that plaintiff's failure to file a timely amendment in accordance with Revenue Procedure 2002-40 compels the IRS, and this court, to construe plaintiff as having made an election under Section 172(j) to forgo the five-year carryback in favor of the two-year carryback plaintiff had already chosen.

Plaintiff disputes this, arguing in part that Section 172(j), which provides statutory language pertaining to how a taxpayer could invoke the five-year carryback, fails to clearly and expressly delegate to the IRS the authority to determine the manner by which a taxpayer may be "deemed" to have waived the five-year carryback. Plaintiff contends that the deadline of October 31, 2002, that was presented in Revenue Procedure 2002-40 is non-statutory and invalid.

STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All

reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valadingham v. Bojorquez*, 886 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

The issue of material fact required by Rule 56 need not be resolved conclusively in favor of the party asserting its existence; sufficient evidence supporting the claimed factual dispute requires a jury or judge to resolve the parties' differing versions of the truth at trial. *Id*. At this stage of the litigation, the judge does not weigh conflicting evidence or make credibility determinations. These determinations are the province of the factfinder at trial. *Id.*; *see also Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 410 (9th Cir. 1996) (on a motion for summary judgment, the court is not to weigh the evidence or determine the truth of the matter, but only to determine whether there is a genuine issue for trial).

Deference to the non-moving party does have some limit. The non-moving party "must set forth specific facts showing that there is a *genuine* issue for trial. Fed. R. Civ. P. 56(e) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position would be insufficient." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

\\\

ANALYSIS

This court agrees with the view that if the October 31, 2002, deadline presented in Revenue Procedure 2002-40 for amending a taxpayer's return was a proper exercise of authority and was valid, then defendant is entitled to summary judgment because plaintiff failed to meet that deadline. Plaintiff's position in this regard essentially challenges whether Section 172(j), which addresses the option for the five-year carryback, properly confers the requisite authority on the IRS to establish (in Revenue Procedure 2002-40) the means by which the five-year carryback may be used by taxpayers.

Section 172(j) provides:

> (j) **Election to disregard 5-year carryback for certain net operating losses**.-- Any taxpayer entitled to a 5-year carryback under subsection (b)(1)(H) from any loss year may elect to have the carryback period with respect to such loss year determined without regard to subsection (b)(1)(H). Such election shall be made in such manner as may be prescribed by the Secretary and shall be made by the due date (including extensions of time) for filing the taxpayer's return for the taxable year of the net operating loss. Such election, once made for any taxable year, shall be irrevocable for such taxable year.

26 U.S.C. § 172(j).

The court construes this language – "such election *shall be made in such manner as may be prescribed by the Secretary*" (emphasis provided) – as plainly bestowing upon the IRS the explicit authority to determine how and when such elections can be made. The IRS did so by publishing Revenue Procedure 2002-40. The instructions prescribed by the Secretary establish the deadline of October 31, 2002, for electing to invoke the five-year carryback. Plaintiff failed to meet this deadline.

The intent of Revenue Procedure 2002-40 was made clear in its Section 1:

> Consistent with the intent of Congress as reflected in correspondence to the Treasury Department subsequent to the Act's enactment, this revenue procedure provides qualifying taxpayers who filed returns for a taxable year ending during 2001 and 2002 without taking advantage of the new 5-year carryback with a limited opportunity to do so and to apply for a tentative carryback adjustment if they act on or before October 31, 2002.

Moreover, the consequences of failing to meet the deadline of October 31, 2002, was made plain, as well:

> Unless the taxpayer follows the procedures of section 7 of this revenue procedure, the taxpayer will be considered to have made an election under § 172(j) to forgo the 5-year carryback period in favor of the 2-year carryback period.

Rev. Proc. 2002-40, Sec. 5.

Plaintiff failed to follow the procedures set forth in Section 7. The IRS, in accordance with its published procedures, correctly interpreted that failure as meaning that plaintiff would be held to its previous decision to invoke the two-year carryback.

Plaintiff argues that its untimely application should be construed as valid because Section 172(j) fails to "deem" a deadline for when a taxpayer will be construed as having made an election regarding carrybacks. *See* Pls.' Reply in Opp. at 3. However, Revenue Procedure 2002-40 *did* prescribe instructions for applying for the five-year carryback, imposed a deadline, and established consequences for missing that deadline. Plaintiff failed to meet that deadline.

Plaintiff's other arguments have been considered and are rejected. Because this court concludes that the issuance of Revenue Procedure 2002-40 was a valid exercise of the

authority bestowed upon the Secretary by Section 172(j), and because plaintiff failed to comply with the requirements set forth by Revenue Procedure 2002-40 for invoking the five-year carryback, this court is compelled to grant defendant's Motion for Summary Judgment.

CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (doc. # 20) is granted. Accordingly, plaintiff's Motion for Partial Summary Judgment (doc. # 17) is denied.

IT IS SO ORDERED.

Dated this 4  day of November, 2005.


  /s/Ancer L.Haggerty
 Ancer L. Haggerty
 United States District Judge